JAMES BOSHER vs. WILLIAM M. HARRIS AND JOHN H. BOSHER.

Facts and circumstances for relief on an application to set aside an inquest; which was granted upon terms.

*Motion by defendant Harris to set aside inquest.*—This cause was commenced March, 1842. Issue joined therein on the 10th May, 1842. On the 10th December following, a stipulation was entered into by both parties, for a commission to examine such witnesses as either party might choose to designate, residing at Richmond, Virginia, or the vicinity. Such commission was sent to be executed on the part of the plaintiff only, and defendant alleged without his knowledge, although he had witnesses there which he intended to have examined, and had interrogatories prepared for the purpose. The commission was returned, with the examination of two of plaintiff's witnesses only. An inquest was taken by plaintiff on the 11th of April last before Judge Edmonds, of the first circuit, and judgment entered up for $1322·10, on the following day; which was done in the absence of both of defendant's attorneys on public business; the management of the cause during such absence was intrusted to John Vanderbilt, Esq., who stated that the inquest was taken by surprise upon him, from the fact that notice had been published in the public papers that Judge Willard, of the fourth circuit would, in consequence of Judge Edmonds being engaged in the oyer and terminer in the case of Mary Bodine, hold the circuit for the trial of the causes on the civil calendar, upon which public notice he relied ; the inquest was taken while the jury in the case of Mary Bodine were out consulting

about their verdict; he had no notice of any intention of Judge Edmonds taking up the civil calendar, or of the inquest being taken until after it was done, to wit, on the 12th April last; that he should have defended the cause had he known of the intention of Judge Edmonds to take up the civil calendar; he was led into the belief by the public notice that the cause would not be tried until Judge Willard's arrival, which was on the 14th April, and for that reason alone the cause was not defended. As soon as he discovered an inquest had been taken he requested plaintiff's attorney to consent to set the same aside, and offered to pay the costs thereof and to allow the judgment to stand as security, which request plaintiff's attorney declined to accede to, for the reason that he had written to his client the fact of an inquest having been taken. Defendant Harris swore to merits generally, and for this motion.

 R. W. Peckham, *Defts Counsel.*  Lott and Murphy, *Defts Attys.*
 J. W. Hammersley, *Plffs Counsel.*  J. W. Hammersley, *Plffs Atty.*

Jewett, Justice.—Concluded he would relieve the defendant on terms, and ordered the inquest to be set aside on payment of the costs of the circuit and all subsequent proceedings, and seven dollars costs of opposing motion. Judgment to stand as security, and defendant to accept eight days' notice of trial.